### SHERIDAN v. SOUTHERN PAC. CO.†

(Circuit Court of Appeals, Ninth Circuit. May 26, 1910.)

#### No. 1,773.

1. EJECTMENT (§ 116*)—JUDGMENT—ADJUDGING VALIDITY OF DEFENDANT'S TITLE.

   In ejectment, where both parties allege title and the evidence sustains that of defendant, it is not error for the court to render an affirmative judgment in his favor, adjudging him to be the owner of the property and entitled to possession.

   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 360; Dec. Dig. § 116.*]

2. EJECTMENT (§ 17*)—TITLE TO SUSTAIN ACTION—DEED INTENDED AS MORTGAGE.

   Conceding that a deed given as a mere security for an existing debt is not effective to transfer the legal title or right of possession of the mortgaged property from the grantor to the grantee, nevertheless the voluntary surrender of actual possession to the grantee as further security is lawful, and may be effective to create a legal right of possession suf-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

179 F.—6        † Rehearing denied October 3, 1910.

ficient to bar a right of recovery in an action of ejectment by the mortgagor against the mortgagee.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 63, 64; Dec. Dig. § 17.*]

3. EJECTMENT (§ 95*)—TITLE TO SUSTAIN ACTION—EVIDENCE CONSIDERED.

Evidence considered, and *held* insufficient to establish a legal title to real estate in plaintiff which entitled him to recover in ejectment.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 280–295; Dec. Dig. § 95.*]

In Error to the Circuit Court of the United States for the District of Oregon.

Action by T. R. Sheridan against the Southern Pacific Company. Judgment for defendant, and plaintiff brings error. Affirmed.

W. C. Bristol, E. B. Watson, and Frank P. Deering, for plaintiff in error.

Wm. D. Fenton, R. A. Leiter, Ben C. Dey, James E. Fenton, and Williams, Wood & Linthicum, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HANFORD, District Judge.

HANFORD, District Judge. This is a plain action of ejectment, in which the respective parties each claim certain real estate situated in Oregon by a legal title in fee simple and right of possession, and each maintains that the case must be determined with respect merely to legal rights, as contradistinguished from rights maintainable only in equity. The pleadings are brief; the only issues being as to the disputed title and the plaintiff's demand for damages. On the trial the Circuit Court granted a motion for an instructed verdict in favor of the defendant, and upon the verdict rendered a judgment adverse to the plaintiff and affirming the defendant's claim of title and right of possession. The evidence which the court admitted proves that the real estate records of the county in which the property is situated contain the following muniments of title, viz.:

(1) A written contract, executed and recorded on the 25th day of August, 1890, by C. H. Merchant and R. A. Graham, which recites that Merchant had subscribed $10,000 to a subsidy fund to promote the building of a railroad, which subscription Graham assumed to pay; and the contract stipulates that in consideration of Graham's assumption of that obligation and the benefits expected to accrue from the building of the railroad, etc., Merchant shall convey certain property, including that which is the subject of controversy in this action, to the plaintiff as trustee, and it defines the powers and duties of said trustee as follows:

"Said trustee shall take and hold the title to said property so to be conveyed in trust for the following purposes, to wit: He shall have full power to sell and convey for cash, or on time, and to contract for the sale and conveyance of any portion of said trust property unconditionally in such manner and upon such terms and prices as the said Graham shall direct, to carry out the objects of this trust; to receive the purchase money therefor and all notes and mortgages executed as part payment therefor. Out of the proceeds of any sales of said property the said trustee shall pay to said R. A.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Graham such sums as shall actually be used in the construction of the said line of railroad, or in the building of a hotel upon a part of said property, or in the building of wharves or other improvements upon said property that may be made by said Graham. When said railroad is completed to a point at or near Myrtle Point, the said trusteeship shall cease, and said trustee shall convey to said Graham all unsold portions of said property, and transfer to him all notes, mortgages, or other assets in his hands as such trustee, absolutely and without condition."

(2) A deed conveying said property to the plaintiff as trustee, executed by Merchant and his wife on the 16th day of October, 1890, and recorded on the 21st day of the same month, which deed, by reference, has incorporated into it the above-described contract.

(3) A deed conveying the property which is the subject of this action to J. D. Spreckels & Bros. Company for the expressed consideration of $50,000, executed by the plaintiff as trustee the 22d day of August, 1893, and recorded November 10, 1893. On its face this deed appears to be an unconditional conveyance of a fee-simple title and warranty of said title.

The above mentioned instruments are referred to in the record, respectively, as Exhibits 1, 2, and 3.

(4) A deed to the Bank of California, executed by the J. D. Spreckels & Bros. Company and R. A. Graham on the 8th day of June, 1899, and recorded the 19th day of July, 1907.

(5) A deed to the J. D. Spreckels & Bros. Company, executed by the Bank of California on the 15th day of May, 1907, and recorded on the 19th day of July, 1907.

(6) A deed to the defendant, executed by the J. D. Spreckels & Bros. Company July 2, 1906, and recorded July 31, 1906.

These last three conveyances are respectively identified in the record as Exhibits A, B, and C. The property which is the subject of this action is included in each of them, in form they are absolute conveyances, and Exhibit C contains covenants of general warranty of the title.

On the trial it was proved by uncontradicted evidence that the railroad was completed to Myrtle Point prior to the time of the execution of the deed referred to as Exhibit 3. Therefore, at that time the plaintiff held the title as a mere naked trustee, having no authority with respect to the property, except to convey it to Graham, whose right to it had become fixed and absolute according to the specifications of the trust in Exhibits 1 and 2, and it is a conceded fact that he had actual possession of the property until a date subsequent to the execution of the conveyance which is the last link in the chain of title.

One of the alleged errors for which a reversal of the judgment is urged is the ruling of the court in granting the defendant's motion for an instructed verdict and in rendering a judgment declaring the defendant to be the owner in fee simple and entitled to possession of the property. In their brief counsel for the plaintiff say:

"A judgment of nonsuit, in effect, was all the defendant in error was entitled to under the view entertained by the court."

The pleadings, however, make an issue as to the defendant's claim of title, as well as an issue as to the plaintiff's claim, and the defendant

acted within its rights in submitting proof and insisting upon a full determination of both issues; and to make proof sufficient to support its claim of ownership it was only necessary to introduce the deeds by which the title conveyed to the plaintiff by Exhibit 2 was transmitted to and became finally vested in the defendant. Under a rule of practice, applicable in litigation of controversies respecting real estate titles, the title of the grantor from whom all the litigants deraign is presumed to be legal. The deeds in evidence make a complete chain of conveyances from Merchant and his wife, through the plaintiff, as trustee, and Graham, to the defendant, and a perfect record title. When the action was commenced the defendant was, prima facie, the holder of the legal title and in actual possession, and the judgment of the Circuit Court is right in law, unless it is reversible for prejudicial error in rejecting evidence offered in behalf of the plaintiff to prove aliunde that Exhibit 3 is not what it purports to be; i. e., a conveyance of the legal title, but a mere mortgage. The plaintiff's contention is based upon the postulate that a mortgagor of real estate holds the legal title, and is entitled to maintain possession against the mortgagee as well as others; and he maintains that, in an action at law against a mortgagee in possession, the mortgagor is entitled to recover by virtue of his legal title.

On the trial he offered evidence to prove facts in substance as follows: That Graham, the cestui que trust, was indebted to him in an amount aggregating $50,000 for money advanced and expended in promoting and constructing the railroad; that by an agreement between Graham and himself the property, which he took as trustee, should be held by him as security for the payment of that indebtedness; that Graham was also indebted to the J. D. Spreckels & Bros. Company for money expended in constructing the railroad in the amount of $185,000; that, in the execution of a scheme for financing the enterprise, Graham intrusted to the J. D. Spreckels & Bros. Company securities to be used in raising money to pay his debts, including those above mentioned, and as part of that scheme the deed Exhibit 3 was executed and delivered, and there was no consideration for the giving of that deed, other than the agreement of the grantee to raise the necessary funds by use of the securities taken and to apply the same in payment of Graham's debts, and for the completion and betterment of the railroad; that the debt which Graham owed to him has not been paid; that the property, the title to which is the subject of this action, was in Graham's possession until a short time prior to the commencement of this action; and that the defendant had actual knowledge of the conditions and circumstances under which the deed, Exhibit 3, was given, and the purposes for which it was given, at and previous to the time of accepting the deed, Exhibit C.

In the determination of the question presented by the assignment of error predicated upon the ruling of the Circuit Court in excluding the evidence offered, this court must have in view the situation and rights of the parties at the time of the commencement of the action, rather than the time of the transaction which included the giving of the deed, Exhibit 3. Conceding that a deed given as a mere security for an existing debt is not effective to transfer the legal title or right of posses-

sion of the mortgaged property from the grantor to the grantee, nevertheless the voluntary surrender of actual possession to the grantee as further security is lawful, and may be effective to create a legal right of possession sufficient to bar a right of recovery in an action of ejectment by the mortgagor against the mortgagee. It is to be noted that the plaintiff made no offer to prove that Graham's debt to the J. D. Spreckels & Bros. Company had been extinguished prior to the execution and delivery of the conveyance to the Bank of California, Exhibit A, in which Graham joined as grantor, and there was no offer to prove the exact time when, nor the circumstances and conditions under which, possession of the property was taken by, or surrendered to, the defendant or its grantor. If the possession was voluntarily delivered by the holder of the legal title as further security for Graham's debts, or in consideration of a discharge of his obligations, or a substantial part thereof, there can be no legal ground for repudiation of the transaction. On the facts shown by the record, supplemented by the facts which the plaintiff offered to prove, the aspect of the case is entirely different from what it would be if the defendant or its grantor had acquired possession of the property by means of duress, force, or fraud. In the argument the plaintiff's counsel has tried to maintain that the possession of the defendant is a wrongful possession, as it would be if possession had been taken without judicial process and against the will of the holder of the legal title; but duress, force, and fraud are things not presumed by courts in judicial proceedings, as they must be shown affirmatively by a party who relies upon such grounds for the maintenance of a legal right. These considerations lead to the conclusion that the evidence offered was not sufficient to entitle the plaintiff to recover, and that the ruling of the court excluding it was not prejudicial error.

The attitude of the plaintiff as a litigant, asserting the legal right of possession as an incident of a legal title, is inconsistent with any claim which he can assert as a creditor of Graham, for the reason that any rights of a mere security holder must necessarily be classed among those denominated "equitable rights," as contradistinguished from legal rights. As a creditor, he could only claim a lien, which would not be a right sufficient to warrant a recovery of possession in an action of ejectment prior to a foreclosure of his lien.

On a general view of the whole record, it is the opinion of this court that at the time of the execution of the deed, Exhibit 3, the plaintiff's relationship to the property, in a legal sense, was that of a naked trustee holding the legal title for one purpose only, viz., to convey an absolute unconditional title to the cestui que trust. All of his other powers having been extinguished, as the trust deed provided they should be, if the conveyance which he made was by the consent and direction of the cestui que trust, it was valid, leaving in him no further right to control or interfere with the property, and, if not so authorized, it conveyed the legal title cum onere, and it was competent for the cestui que trust to make it complete and valid by his subsequent ratification and adoption in joining with the grantee in the execution of a deed conveying the entire property to the Bank of California. He might have repudiated the plaintiff's deed by timely action; but his own deed es-

tops him, and a fortiori estops the plaintiff. The plaintiff cannot maintain the action in his own right, because he never owned the property, nor as trustee, because his powers as trustee were exhausted by his conveyance of the legal title.

For the reasons above stated, the judgment of the Circuit Court is affirmed.